IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AASIYAH PRESSLEY,<br><br>　　Plaintiff,<br><br>　　v.<br><br>MACK PROPERTY MANAGEMENT, et al.,<br><br>　　Defendants. | CIVIL ACTION<br><br>NO. 25-4817-KSM |

## MEMORANDUM

Marston, J.　　　　　　　　　　　　　　　　　　　　　　　　　　　January 20, 2026

　　*Pro se* Plaintiff Aasiyah Pressley wants a second bite at the apple for hardships she claims she experienced when negotiating and signing a lease agreement with Defendant Mack Property Management. (Doc. No. 2.) She sues Mack Property Management, The Grant Apartments, its owner, KRE MREG Cynwyd Owner LLC ("KRE"), and an insurance company, New York Life Insurance Company ("NY Life Insurance"). Like her suit brought last year, she brings a claim for unjust enrichment, and newly asserts claims for breach of contract, fraud/misrepresentation, and duress/coercion. (*See generally*, Doc. No. 2.) Defendants move to dismiss her complaint. (Doc. No. 28.) Pressley opposes their motion.[1] (Doc. Nos. 23, 29.) For the reasons below, the Court grants Defendants' motion to dismiss.

---

[1] Pressley filed two responses to Defendants' motion to dismiss. (Doc Nos. 23, 29.) Her first opposition was filed on November 6, 2025, following a meet and confer with Defendant, in anticipation of Defendants' motion to dismiss. (Doc. No. 23.) Her second opposition and request for leave to amend was filed out of time on December 19, 2025. (Doc. No. 29.) Despite being filed out of time, the Court considers Pressley's second opposition.

I.  **BACKGROUND**

Plaintiff's initiation of the current lawsuit follows on the heels of another action she filed last year in this Court based on the same underlying set of facts (referred to hereinafter as, the "Original Action."). *See* 2:24-cv-3169 (E.D. Pa.), Doc. No. 1.

A.  **Original Action**

On July 25, 2024, Plaintiff filed a complaint against four defendants: (1) the Grant Apartments; (2) KRE; (3) Mack Property Management; and (4) Cohen Marraccini LLC ("Cohen Marraccini"). Original Action, Doc. No. 1. After these Defendants moved to dismiss her complaint, Pressley filed an amended complaint on September 3, 2024. *Id.*, Doc. Nos. 7, 8. In her amended complaint, Pressley added five more Defendants: (1) NY Life Insurance; (2) Mack Real Estate Group ("MRE"); (3) Kohlberg Kravis Roberts & Co. LP ("KKR"); (4) Daniel Rudin; and (5) Jenel R. Marraccini. *Id.*, Doc. No. 8 at 1. On January 10, 2025, all Defendants jointly moved to dismiss Pressley's amended complaint. *Id.*, Doc. No. 34.

Four days later, without seeking leave to amend or the consent of the opposing parties, Plaintiff filed a second amended complaint, this time naming only five Defendants: (1) The Grant Apartments; (2) Mack Property Management; (3) KRE; (4) Cohen Marraccini, and (5) NY Life Insurance as Defendants. *Id.*, Doc. No. 35. Following a status conference with the parties, the Court deemed the second amended complaint to be the operative pleading and denied Defendants' motion to dismiss as moot. *Id.*, Doc. No. 45.

In her second amended complaint,[2] Pressley brought a discrimination claim under Section 1983 as well as claims under Pennsylvania state law for unjust enrichment and breach of

---

[2] In this complaint, Pressley alleged that she is an African American woman, who applied for an apartment at The Grant Apartments in April 2024. *Id.*, Doc. No. 35. After her application was accepted, she began negotiating the terms of her lease. *Id.* Pressley tried to negotiate a lease agreement with a

fiduciary duty. *Id.* at 2–4. On February 13, 2025, the remaining Defendants filed a joint motion to dismiss Pressley's second amended complaint. *Id.*, Doc. No. 47. On August 19, 2025, the Court granted Defendants' motion to dismiss. *Id.*, Doc. No. 50. The Court dismissed Pressley's 42 U.S.C. § 1983 claim with prejudice and declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *Id*; *see also id.*, Doc. No. 51.

On September 8, 2025, Pressley filed a notice of appeal which is pending before the Third Circuit Court of Appeals.[3]

### B. Current Action

On August 25, 2025, less than a week after this Court dismissed Pressley's first lawsuit, Pressley filed another complaint against four of the same Defendants named in her Original Action: The Grant Apartments, Mack Property Management, KRE, and NY Life Insurance, (the "Current Action").

---

"qualified endorsement," but she alleges that she was "required . . . to sign a lease agreement with a blank endorsement." *Id.* (internal quotations omitted). According to Pressley, a "blank endorsement" is "a condition prohibiting [her] from adding terms to limit her liability or protect her interests." (*Id.*) "When [she] requested to speak with management to negotiate fair terms," she alleges that "her move-in date was delayed" until she agreed to sign a lease agreement with a blank endorsement. *Id.*

Pressley alleged that these facts demonstrated a grand conspiracy, in which Defendants "bundled" her lease agreement "into securities," which were "used as financial instruments, and transferred within their corporate ecosystem for profit." *Id.* And "[b]y demanding a blank endorsement," Defendants allegedly "monetized [her] lease agreement" and used her "personal information" in a way that "expose[d] her to financial risks and discriminatory practices." *Id.* In short, Pressley alleged that Defendants (1) discriminated against her while negotiating the terms of her lease agreement and (2) misused her personal information.

[3] *Pressley v. The Grant Apartments, et al.*, No. 25-2756 (3d. Cir.).

1.     **Factual Allegations**[4]

Pressley again alleges that in April 2024, she applied for an apartment at The Grant Apartments. (Doc. No. 2 at ¶ 8.) After her application was accepted, she executed a written lease agreement with Mack Property Management on May 6, 2024, which she alleges was acting on behalf of The Grant Apartments, KRE, and NY Life Insurance. (*Id.* at ¶ 9.) After execution of this agreement, Pressley alleges that Defendants refused to deliver possession of the apartment unless she agreed to additional, non-contractual conditions, including an "open endorsement"[5] and waiver of statutory and contractual rights not contained in the lease. (*Id.* at ¶ 11.) She claims that in this way, Defendants withheld possession of the apartment and related services and coerced her into surrendering her rights.

Pressley claims she had no alternative housing at the time, so she was "effectively cornered under duress, making any alleged consent to [Defendants'] added terms involuntary." (*Id.* at ¶ 13.) Pressley maintains that Defendants profited from her application and executed lease while "denying her the full benefit of the bargain." (Doc. No. *Id.* at ¶ 14.)

Pressley also alleges that "Defendants further subjected Plaintiff to additional litigation regarding rents and obligations under the lease."[6] (*Id.* at ¶ 15.) She describes how as a result of Defendants' conduct, she was "forced into repeated court proceedings, which interfered with her

---

[4] These allegations come from Pressley's complaint in the instant action. (Doc. No. 2.) The Court must assume their truth for purposes of this motion. *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

[5] Pressley does not define this term in her complaint, but in the Original Action Pressley used the term "blank endorsement." At that time, Pressley alleged this meant she was not allowed to add terms to limit her liability or protect her interests. *See* Doc. No. 35 at 2.

[6] Pressley does not cite the specific litigation to which this allegation refers, but the Court believes she is referencing a state court eviction action, No. 2024-18526, which KRE initiated in the Montgomery County Court of Common Pleas after Pressley allegedly failed to pay any rent over one and half years. The Court notes that all litigation in federal court has been initiated by Pressley *herself*.

ability to maintain employment." (Id. at ¶ 16.) She claims that she ultimately lost her job because of the "time and energy consumed by Defendants' wrongful conduct." (*Id*.) Pressley asserts that she continues to experience financial loss, lost wages, diminished future earning potential, housing instability, emotional distress, and consequential damages exceeding $75,000. This time, she brings four claims against all Defendants: (1) breach of contract; (2) fraud/misrepresentation; (3) unjust enrichment; (4) duress/coercion. (*Id.* at ¶¶ 3–7.)

      **2.**    **Procedural History**

On October 14, 2025, NY Life Insurance was served with Pressley's complaint; on October 15, 2025, KRE was served with Plaintiff's complaint; and then on October 24, 2025, Mack Property Management was served. The Grant Apartments was not served, and Defendants Mack Property Management, KRE, and NY Life Insurance (collectively, "Moving Defendants") maintain that that the Grant Apartments is not a real legal entity.[7] On November 14, 2025, Moving Defendants' filed a joint motion to dismiss. (Doc. No. 28.) Pressley filed two responses in opposition to Moving Defendants' joint motion to dismiss. (Doc. Nos. 23, 29.)

## II.    LEGAL STANDARD

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but

---

[7] In Defendants' motion to dismiss, Defendants attest that "'The Grant Apartments' is not an existing legal entity, but for the purposes of this Motion, all moving Defendants are seeking dismissal of all claims against all Defendants." (Doc. No. 28 at 1 n.3.)

it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotations omitted). In performing this analysis, the court accepts "the allegations in the complaint as true, but [is] not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (internal quotations omitted).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). But "an exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Id.* (cleaned up). The court may also "consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Keystone Redevelopment Partners, LLC v. Decker*, 631 F.3d 89, 95 (3d Cir. 2011) (internal quotations omitted).

As Pressley is proceeding pro se, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). Though her allegations are construed liberally, Pressley "still must allege sufficient facts" in her complaint "to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   DISCUSSION

Moving Defendants argue that dismissal is appropriate because Pressley's complaint is an example of impermissible "claim splitting."[8] Pressley does not dispute that the claims raised in the Current Action are duplicative of those raised in the Original Action, but instead, argues that

---

[8] Defendants raise additional arguments for dismissing Pressley's complaint but because the Court finds the complaint violates the claim splitting doctrine, the Court does not address the other grounds for dismissal.

claim splitting does not warrant dismissal with prejudice. For the reasons discussed below, the Court will grant Moving Defendants' motion to dismiss.

The Court agrees that Pressley's complaint is impermissible "claim splitting" and should be dismissed in its entirety against all Defendants. The claim splitting doctrine "requires district courts to 'carefully insure[ ] that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights [s]he would have otherwise enjoyed,'" with a particular eye towards ensuring "that the plaintiff does not . . . fil[e] duplicative complaints [to circumvent] the rules pertaining to the amendment of complaints." *McKenna v. City of Philadelphia*, 304 F. App'x 89, 91 (3d Cir. 2008) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70–71 (3d Cir. 1977)); *see also Hanna v. S-L Distrib. Co.*, No. 1:19-cv-2143, 2021 WL 51581, at *3 (M.D. Pa. Jan. 6, 2021) ("The split claims doctrine dictates that '[p]laintiffs generally must bring all claims arising out of a common set of facts in a single lawsuit.'") (quoting *Elgin v. Dep't of Treasury*, 567 U.S. 1, 34 (2012) (Alito, J., dissenting)).

"Thus, 'when two cases: (1) take place in the same court; (2) with the same defendants; (3) involving the same subject matter,' the claim splitting doctrine applies, and the district court may, in its discretion, consolidate the two actions, stay the later-filed action pending resolution of the first, or dismiss the later-filed action without prejudice.'" *Thorpe v. Pittsburgh Theological Seminary*, No. 2:24-cv-01275, 2025 WL 1707912, at *3 (W.D. Pa. June 18, 2025) (citing *McKenna*, 304 F. App'x at 92–93) (citing *Walton*, 565 F.2d at 70–71).

Here, application of the claim splitting doctrine three-part test demonstrates the impropriety of this action. The Original Action and the Current Action were filed in the same court. Pressley's Original Action, which this Court previously dismissed on August 19, 2025, is now on appeal to the Third Circuit. Original Action, Doc. No. 50. Both lawsuits, name the same

four Defendants.[9]  *See* Doc. No. 35 and (Doc. No. 2.)  And, both lawsuits involve the "same subject matter." *Thorpe*, 2025 WL 1707912 at *3.  As Defendants note, all of Plaintiff's claims in the instant action arise from events concerning the "application, negotiation, and signing of the same apartment lease" and are "based on events that are identical to those alleged in the Original Action." (Doc. No. 28 at 19.)[10]  *Compare* Original Action, Doc. No. 35 at ¶ 2. ("Defendants, through Mack Property Management, required Plaintiff to sign a lease with a 'blank endorsement'-a condition prohibiting Plaintiff from adding terms to limit her liability or protect her interests"), *with* (Doc. No. 2 at ¶ 11) ("After execution [of the lease], Defendants refused to deliver possession of the apartment unless Plaintiff agreed to additional, non-contractual conditions, including an 'open endorsement' and the waiver of statutory and contractual rights not contained in the lease").  Notably, Pressley does not dispute this but rather only asserts, without more facts or legal argument, that "claim splitting does not justify dismissal with prejudice."  (Doc. No. 29 at 2.)

In the Original Action, the Court permitted Pressley's second amended complaint (filed without asking for leave to amend) to stand as the operative pleading.  Pressley had the

---

[9] In her Original Action, Pressley also named a fifth Defendant: Cohen Marraccini.  However, this does not defeat the appropriateness of claim splitting.  The other four Defendants named in Pressley's instant action were also named Defendants in her Original Action. *See e.g.*, *Rice v. Nathan Rice, Inc.*, No. 2:22-cv-874, 2023 WL 2743441 (W.D. Pa. Mar. 31, 2023) (determining that claim splitting was appropriate even the later-filed action added a Defendant).

[10] The Court recognizes Pressley's complaint contains new assertions here regarding being "forced into repeated court proceedings." (Doc. No. 1.)  But as she is the Plaintiff initiating this and the prior federal suit against Defendants, any negative consequences of litigation cannot be attributed to Defendants.

And, the Court takes judicial notice of the docket in the separate state court eviction lawsuit brought by KRE against Pressley in the Montgomery Court of Common Pleas, No. 2024-18526.  Based on the docket Pressley has only appeared in person on two occasions.  Therefore, Pressley's assertions that "repeated court proceedings. . . interfered with her ability to maintain employment" are disingenuous. (Doc. No. 2 at 3.)

opportunity then to bring claims for fraud/misrepresentation, breach of contract, and duress/coercion that she now seeks to bring in this second lawsuit. This is a classic example of claim splitting. The Court will not permit Pressley to "impermissibly take[] a second bite at the apple" because she did not agree with the Court's analysis in her first case.[11] *Strader v. U.S. Bank*, No. 2:19-cv-118, 2020 WL 3447776 (W.D. Pa. June 24, 2020); *see also Emrit v. PNC Bank*, No. 22-cv-1334, 2022 WL 4820306, at *1 n.1 (3d Cir. Oct. 3, 2022) (finding "no error with the dismissal" of duplicative cases filed in different districts against the same defendant based on the same events).

Last, the Court denies Pressley's request for leave to Amend her complaint. (*See* Doc. No. 29 at 1.) "A district court may deny leave to amend a complaint where it is apparent from the record that . . . the moving party has demonstrated undue delay, bad faith or dilatory motives[] . . . or the amendment would prejudice the other party." *Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir. 2000) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227 (1962)). As noted, Pressley filed two amended complaints in her original action, and now brings another lawsuit based on the same underlying set of facts. Defendants have responded to each and every complaint Pressley has filed. Specifically, back in February 2025, in the Original Action, the Court allowed Pressley's second amended complaint to be the operative pleading although Pressley failed to seek leave to amend as required by Rule 15 of the Federal Rules of Civil Procedure. Here, Pressley again only seeks to amend her complaint case *after* Defendants filed their motion to dismiss, and in her *second* opposition. (Doc. No. 29.) Pressley asserts her amended complaint would be limited to the landlord and property manager, would remove

---

[11] And Pressley filed an appeal of the Court's ruling dismissing her Original Action which is now before the Third Circuit. Defendants argue this appeal divests this Court of subject matter jurisdiction. The Court does not reach this ground because the Court finds this action must be dismissed for impermissible claims splitting.

unnecessary claims and parties, and focus on Defendants' refusal to perform obligations arising from the executed lease. (*Id.*) But these assertions only highlight why Defendants would be prejudiced if leave was granted. Defendants have been subject to Pressley's ongoing litigation related to her admittedly "executed lease" for over a year. Pressley has had multiple opportunities to bring her claims and the Court refuses to now reward gamesmanship of this nature by allowing her leave to amend yet again. The Court finds these circumstances constitute undue delay and the Court denies Pressley's request for leave to amend. *Lake,* 232 F.3d at 373. "Tactical decisions and dilatory motives may lead to a finding of undue delay." *Leary v. Nwosu,* No. Civ.A.05–5769, 2007 WL 2892641, at *4 (E.D. Pa. Oct. 2, 2007).

## IV.     CONCLUSION

For these reasons, Defendants' motion to dismiss is granted. Pressley's complaint is dismissed. An appropriate Order follows.